# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| CARL E. BERRY, | : | Case No. 1:18-cv-207 |
| --- | --- | --- |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 16)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on July 26, 2019, submitted a Report and Recommendation. (Doc. 16). Defendant filed objections on August 7, 2019 (Doc. 17), and Plaintiff filed a response on August 21, 2019 (Doc. 18).

The Magistrate Judge's Report and Recommendation finds that the ALJ's determinations that Plaintiff is not under disability and not entitled to disability benefits were not based on substantial evidence and recommends that this matter be remanded for an immediate award of benefits. (Doc. 16 at 3). More specifically, the Magistrate Judge finds that the ALJ erred by failing to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Jeffries. (*Id.* at 8).

As correctly stated by the Magistrate Judge, it is well established that "the ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Like any other medical opinion, a treating physician's opinion must be weighed using the factors provided in 20 C.F.R. §§ 404.1527 and 416.927, including the length, nature and extent of the treatment relationship and the frequency of examination, as well as the medical specialty of the source, how well-supported by evidence the opinion is, and how consistent the opinion is with the record as a whole. *Blakley*, 581 F.3d 408; *Wilson*, 378 F.3d at 544.

Moreover, when the treating physician's opinion is not given controlling weight, the ALJ must provide "good reasons" for doing so. *Bramel v. Comm'r of Soc. Sec.*, No. 1:13-cv-281, 2014 WL 4162543, at *9 (S.D. Ohio Aug. 20, 2014). Such "good reasons" "must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Blakley*, 581 F.3d at 406-07. An ALJ's failure to provide "good reasons" for affording a treating physician's opinion less than controlling weight may be excused only if the error is harmless or de minimis, such as where "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it." *Id.* at 409.

2

Defendant objects to the Magistrate Judge's finding that the ALJ erred in failing to give controlling weight to Plaintiff's treating physician, Dr. Jeffries. (Doc. 17 at 2). Defendant argues there is substantial evidence in the record to support the ALJ's determination, and further asserts that even if the Court agrees that the ALJ did not give appropriate weight to Dr. Jeffries' opinion, the case should be remanded for further proceedings, as there are unresolved factual disputes. (*Id.*).

Defendant more specifically takes issue with the Magistrate Judge's finding that the ALJ lacked substantial evidence to support the determination that Plaintiff's cardiac symptoms had stabilized. (Doc. 17 at 2). Defendant points to evidence in the record that Defendant believes supports the ALJ's finding, including notes from certain examinations between December 2014 and December 2015. (Doc. 17 at 2). For example, in one May 2015 visit, Plaintiff noted no chest pain, palpitations, dyspnea, or syncope. (*Id.* at 3) (citing Tr. 802). Defendant also points out that in December 2015, Plaintiff's visit notes indicate that he was doing well and starting to do some exercises. (*Id.*). In 2016, Plaintiff experienced atrial flutter and sought treatment, but the EKG showed a normal sinus rhythm, and Plaintiff was placed on medication to control his arrhythmia. (*Id.*) (citing Tr. 16, 1161). Defendant also points out that although Plaintiff experienced several instances of supraventricular tachycardia ("SVT") and ventricular tachycardia ("VT"), Plaintiff's doctor only instructed that Plaintiff be regularly monitored, continue medications, and return for follow-up visits months later. (*Id.*) (citing Tr. 340, 551, 607, 678, 697, 755, 796, 804, 824, 869). Although Defendant

acknowledges Plaintiff's ER visit two days prior to the hearing, hospitalization in May 2016, and Plaintiff's implantable cardioverter defibrillator ("ICD") reporting a large number of SVT and VT incidents, Defendant counters that the hospitalization resulted in a treatment of only in increased medication. (Doc. 17 at 3). Defendant further notes that the state agency reviewing physicians, whose opinion the ALJ gave great weight, considered the numerous SVT and VT episodes before authorizing their opinion that Plaintiff could perform a reduced range of sedentary work. (*Id.*) (citing Tr. 17, 69-71, 82-84).

In response, Plaintiff asserts that during the period of September 2014 to December 2015, Plaintiff's ICD monitoring showed repeated episodes of SVT and VT. (Doc. 18 at 2) (citing Tr, 755, 778, 898, 926, 975, 1114). From April 2014 to April 2015, Plaintiff had thirty episodes of arrhythmia. (*Id.*) (citing Tr. 936). Plaintiff also highlights the May 2016 hospital visit and June 2016 ER visit. (*Id.*). Plaintiff does not disagree that his treatments on those occasions consisted of instructions to continue with regular monitoring and medications; however, Plaintiff notes that throughout this period, Dr. Jeffries' instruction that Plaintiff restrict activities remained in place. (*Id.*) (citing Tr. 551, 605, 869). Plaintiff also contradicts Defendant's assertion that the state agency reviewing physicians considered Plaintiff's SVT and VT episodes, asserting that this evidence was not made available until after the agency physicians last reviewed in the file in September 2014. (*Id.*) (citing Tr. 68, 80-81, 669, 719-793).

The Court agrees with the Magistrate Judge's finding that the ALJ failed to give adequate deference to the opinion of Plaintiff's treating physician, Dr. Jeffries, as Dr. Jeffries' opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and not "inconsistent with the other *substantial evidence* in the record." *Blakeley*, 581 F.3d at 406 (emphasis added). The record documentation noted in Defendant's objection, which shows that at certain points of time, including May 2017, Plaintiff's symptoms appeared relatively stable, (Tr. 893-94), does not amount to "substantial evidence" contradicting Dr. Jeffries' opinion, particularly considering his recommended activity restrictions and the number of SVT and VT episodes Plaintiff experienced throughout 2014-2016. (Tr. 719, 754, 778, 897, 925, 936, 947, 974, 1088, 1113).

The Court also agrees with the Magistrate Judge's finding that the ALJ improperly relied on Plaintiff's ability to perform some daily activities as evidence contradicting Dr. Jeffries' opinion. (Doc. 16 at 11-12). The limited activities Plaintiff could perform (driving, shopping, and performing some household chores), (Tr. 17), do not, on their face contradict Dr. Jeffries' opinion that Plaintiff would need to miss work more than four days per month and take an uncertain number of unscheduled breaks. (Doc. 16 at 12) (citing Tr. 668). Further, Plaintiff's ability to conduct some household chores certainly does not constitute "substantial evidence" contrary to Dr. Jeffries' opinion, in light of the well-established principle noted by the Magistrate Judge that the ability to perform light household chores does not necessarily translate into the ability to perform

5

the rigors associated will substantial employment. (Doc. 16 at 11) (citing *Rogers v. Comm'r Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007)).

Finally, the Court does not find persuasive Defendant's argument that the ALJ's determination was reasonable considering the fact that the agency physicians reached a different opinion than Dr. Jeffries based on the same evidence. That the agency physicians reached a different conclusion than Dr. Jeffries does not in itself constitute contrary evidence. *See Lashley v. Sec. of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983). Further, as noted by the Magistrate Judge, the agency physicians did not consider Plaintiff's more recent SVT and VT episodes and hospitalization. (Doc. 16 at 13).

In sum, the Court agrees with the Magistrate Judge's thorough and well-reasoned Report and Recommendation, including the Report's finding that the ALJ did not supply "good reasons" for treating Dr. Jeffries' opinion as less than controlling. Instead, the ALJ followed the opinions of the state agency reviewing physicians who did not share Dr. Jeffries' expertise and did not examine Plaintiff. As explained above, the Court is not convinced by Defendant that the record demonstrates substantial evidence to support the ALJ's determination. Moreover, the Court agrees with the Magistrate Judge's finding that because the evidence of disability is overwhelming in this case, and contradictory evidence is lacking, remanding the case for further proceedings would serve no legitimate purpose. *Faucher v. Sec'y of Health & Humand Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

6

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that Defendant's objections (Doc. 17) should be and are hereby **OVERRULED** and the Report and Recommendation (Doc. 16) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The Commissioner's decision is **REVERSED AND REMANDED** to the Commissioner of Social Security for an immediate award of benefits;

2) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 9/29/2019	*/s/ Timothy S. Black*
	Timothy S. Black
	United States District Judge